IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| **INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL UNION NO. 731,** | ) ) ) | | |
| Plaintiff, | ) ) | Case No. | FILED: JUNE 20, 2008 08CV3562 |
| v. | ) ) | Judge | JUDGE GETTLEMAN MAGISTRATE JUDGE ASHMAN |
| **ARC DISPOSAL COMPANY, INC.,** | ) ) | | TG |
| Defendant. | ) | | |

## COMPLAINT

Plaintiff International Brotherhood of Teamsters Local Union No. 731 ("Union"), through its attorneys Dowd, Bloch & Bennett, brings this complaint against Defendant Arc Disposal Company, Inc., ("Arc Disposal" or the "Company") for enforcement of an arbitration award and states:

1.  The Union is a labor organization within the meaning of Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), that maintains its principal offices in this district. The Union is the exclusive collective bargaining representative for certain employees of Arc Disposal.

2.  Arc Disposal is an Illinois corporation that does business within this District and is an employer within the meaning of Section 2(2) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(2).

3.  Jurisdiction and venue are vested in this Court under Sections 301(a) and (c) of the LMRA, 29 U.S.C. §§ 185(a) and (c).

4.      The Union and Arc Disposal are parties to a collective bargaining agreement ("Agreement"), effective by its terms at all times relevant here.

5.      Adhering to procedure set forth in the Agreement, the Union filed a grievance ("Grievance") alleging that the Company violated the Agreement by unjustly terminating Union member Chris Van Dyke. On March 20, 2008, the Grievance was referred to the Labor Management Committee. Under the Agreement, decisions of the Labor Management Committee are final and binding on all parties.

6.      On March 20, 2008, the Labor Management Committee met and heard evidence on the Grievance. The Labor Management Committee sustained the Grievance and issued an award ("Award") in favor of the Union. The Labor Management Committee announced the terms of the Award, in the presence of the Company's representative, at the March 20, 2008 meeting. The Award reduced the termination to a one-week suspension and required the Company to reinstate Chris Van Dyke to his former position without loss of seniority. The Award further required the Company to make Mr. Van Dyke whole for all wages and fringe benefit fund contributions lost as a result of the termination. A copy of the Award was delivered to Arc Disposal soon thereafter.

7.      At all times since March 20, 2008, the Company has failed and refused to comply with the Award, in violation of the Agreement and in violation of LMRA Section 301.

WHEREFORE, the Union respectfully requests that this Court enter judgment against ARC DISPOSAL COMPANY, INC., as follows:

        (a)     Confirm and enforce the Labor Management Committee's March 20, 2008 Award;

(b)      Order ARC DISPOSAL COMPANY, INC., to reinstate Chris Van Dyke to his former position with the Company without loss of seniority;

(c)      Order ARC DISPOSAL COMPANY, INC. to pay Chris Van Dyke all wages, and to remit all fringe benefit fund contributions on his behalf, that were unpaid as a result of his termination, for the period beginning one week after his termination until the date of his reinstatement; and

(D)      Order such other relief as the Court deems proper.

Respectfully submitted,

       s/Steven W. Jados
One of Plaintiff's Attorneys

Robert E. Bloch
Steven W. Jados
DOWD, BLOCH & BENNETT
8 South Michigan Avenue - 1900
Chicago, IL 60603
(312) 372-1361